IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARGARET C. REFROE,              :
    Plaintiff,                   :
                                 :
                                 :
vs.                              :          CIVIL ACTION 14-314-CG-M
                                 :
NATIONSTAR MORTGAGE, LLC,        :
    Defendant.                   :
                                 :

<u>REPORT AND RECOMMENDATION</u>

The Defendant's Motion to Dismiss has been referred to the undersigned for report and recommendation under 28 U.S.C. 636(b)(1)(B) and Local Rule 72.2.  After careful consideration of the pleadings, the Motion to Dismiss, Plaintiff's Response thereto and Defendant's Reply, it is recommended that Defendant's Motion to Dismiss be granted without prejudice for failure to state a claim.

I.   FACTS AND PROCEEDINGS

After filing her Amended Complaint, (Doc. 24), Defendant Nationstar filed its Motion to Dismiss Plaintiff's Amended Complaint (Docs. 25, 26), to which Plaintiff responded in opposition.  (Doc. 28).  Defendant filed its Reply (Doc. 31), and the Motion and pleadings are now ripe for adjudication.

Plaintiff, Margaret Renfroe, had a mortgage which she refinanced in 2006.  (Doc. 24 at 2).  The amount of the loan was $139,400.00, with monthly and interest payments in

the amount of $998.68.  (*Id.*).  At some point after closing, the servicing of the loan was transferred to MorEquity, Inc., later sold into a securitized pool, and ultimately transferred to Defendant Nationstar for servicing sometime in 2011.  (*Id.*).

Plaintiff's Amended Complaint alleges that once Nationstar began servicing the note in 2011, her monthly payments inexplicably increased by $100.  (*Id.*).  Plaintiff called Nationstar to address the unexplained increase, but was never given an explanation as to why they increased.[1] (*Id.*).  Though it is not expressly stated, the Court concludes that Plaintiff continued to make payments in the disputed amount every month.  In September 2013, some two years later, Plaintiff refinanced her loan a second time, and began to suspect that Nationstar may have been using an incorrect amortization schedule to calculate the principal and interest payments.  (*Id.* at 3).  Upon the second refinancing, Nationstar was paid all sums it demanded under the note.

With Nationstar no longer servicing the note, and the past increased monthly payments remaining unexplained,

---

[1]  Plaintiff suspected that Nationstar was paying taxes on her behalf in error, as she is age exempt from paying property taxes; however, Plaintiff never confirmed her suspicions with Nationstar and offers no additional proof that this was the case.

Plaintiff finally wrote Nationstar a letter seeking the following information: an explanation as to why the monthly payments had increased, a refund of those monies, a complete payment history of the loan indicating how the payments were applied since inception, a complete history of all disbursements made from Plaintiff's escrow account, a list of each payment for taxes made from the escrow account along with each refund received for each payment, whether there was a lapse of homeowner's insurance, description of how payments were amortized and calculated from the beginning of the loan, a detailed explanation of the pay off amount provided during the refinance, whether payments were ever calculated on a maturity date other than June 1, 2036; indication of the date Nationstar became the servicer, and the owner of the loan at the time it was paid in full.  (*Id.* at 3-4).  It is undisputed by the parties that this letter serves as a Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act, 12 U.S.C § 2605(e), and the Court will treat it as such throughout this Report.

Plaintiff alleges causes of action under the Real Estate Settlement Procedures Act (RESPA), the Truth in Lending Act (TILA), and for breach of the mortgage and

note.[2]  (Doc. 24 at 1).  Plaintiff's prayer for relief seeks
statutory and actual damages under RESPA, reasonable
attorney's fees and costs, and other and further relief the
Court may deem just and proper.  (*Id.* at 10).

Nationstar responded to Plaintiff's letter, stating
that some of the information requested by Plaintiff did not
pertain directly to the servicing of the loan, did not
identify any specific servicing errors, and/or was
considered proprietary and confidential, and, therefore,
outside the scope of information that must be provided.

---

[2] In Plaintiff's Amended Complaint, she preliminarily
states that she seeks "damages and attorneys fees for
multiple violations of the Real Estate Settlement
Procedures Act . . . and the Truth in Lending Act," as well
as "damages for breach of the mortgage and note."  Beyond
this initial conclusory statement, the Court could not
discern any argument, legal theory or authority
sufficiently developing a TILA or breach of mortgage and
note claim.  Defendant likewise left those theories
undeveloped.  As such, the Court will decide this Motion
only on the parties' RESPA arguments, as it is "reluctant
to give much consideration to undeveloped arguments such as
the ones asserted" by Plaintiff in her Amended Complaint.
*See Vanderbilt Mortg. And Fin., Inc. v. Crosby,* 2014 WL
5456544, at *4 (S.D.Ala. Oct. 27, 2014)(*citing Motors, Inc.
v. Jewell Aircraft, Inc.,* 882 F.Supp.2d 1296, 1302 n. 6
(S.D.Ala. 2012)(stating that "movants not having fleshed
out this argument or lent it any substance, this Court will
not undertake to develop it on their behalf."); *Fils v.
City of Aventura,* 647 F.3d 1272, 1284 (11th Cir.2011)
("district courts cannot concoct or resurrect arguments
neither made nor advanced by the parties"); *Branch Banking
and Trust Co. v. Howard,* 2013 WL 951652, *4 (S.D.Ala. Mar.
8, 2013) ("a court is not obligated to read minds and
ordinarily will not construct arguments or theories that a
party has failed to raise").

(Doc. 28-1 at 1).  Nationstar also provided a number of documents relating to Plaintiff's note with the explanation that those documents should address any relevant questions and requests.  (*Id.*).  The documents provided were as follows: (1) the Note and Security Instrument, which validated the loan and explained Nationstar's rights to "collect any remaining debt owed under the Note and Security Instrument, assess fees and costs to the loan as necessary, including late fees if a payment is received after the specified grace period and legal fees if a loan is in default, inspect the property and charge applicable fees, purchase lender placed insurance, pay taxes on the mortgagor's behalf; (2) Payment History which *reflects a complete history for the period Nationstar has serviced the loan, [as well as] when payments were received, how payments were applied to the loan, any disbursements made from the loan, including but not limited to, disbursements for taxes, insurance, property inspections, broker's price opinions, and legal fees, a description for each transaction, with running balances of the unpaid principal and escrow accounts, the date fees and charges were assessed, if any, any amounts paid towards fees, any waivers/reversals of fees;* (3) Most Recent Billing Statement reflecting the last amount due on the loan prior

to payoff, [as well as] a breakdown of any fees assessed, including any lender paid expenses or corporate advance fees; (4) Notice of Servicing Transfer, also known as Welcome Letter *detailing the date and terms of the service transfer from the prior servicer to Nationstar*,[which also] evidences Nationstar's right to service the loan; (5) Most Recent Escrow Analysis Statement *[which detailed] a description of all disbursements made from the escrow account . . . [and] a breakdown of how the current escrow payments has been calculated*, including any shortage that may exist; (6) Payoff Quote include[ing] the full amount necessary to pay the loan in full."  (*Id.* at 1-2)(emphasis added).  The letter further stated that American General S05 was the owner of the Note prior to payoff, and Nationstar provided their contact information in the next paragraph.  (*Id.* at 2).  Nationstar further stated that as it is the servicer of the Note, it is responsible for responding to any concerns regarding the servicing of the loan, which may include payment assistance or modification, payment posting, validation of debt, foreclosure proceedings, and payment adjustments.  (*Id.*).

    Nationstar expressly stated in the letter that "[u]pon receipt of this correspondence, the above-mentioned loan and related documents were reviewed and found to comply

with all state and federal guidelines that regulate them.
As such, the above-mentioned loan account will continue to
be serviced appropriate to its status." (*Id.*).  Nationstar
further noted that "[y]ou asked us to provide the prior
servicer loan history.  After conducting an investigation,
Nationstar is unable to locate the information you
requested.  This information is unavailable.  However, we
did review the account and all transactions appear to be
correct from our records review.  If you think there is an
error in the servicing of the account, please let us know
so that we can investigate and resolve any potential
servicing error." (*Id.*).  Nationstar closed its letter
indicating that the "Payment History appears to be *reported
accurately to the main credit repositories.*  If you have
documentation that substantiates that any of the
information reported by Nationstar on the credit report is
incorrect, please provide the detailed information for
review." (*Id.*)(emphasis added).  Nationstar then provides
contact information for their customer service department
with the signature of a customer relations specialist.

Plaintiff alleges that Nationstar's response to her
QWR failed to provide any explanation of payment
calculation or amortization, failed to address the specific
questions and concerns raised in the letter, and instead

provided boilerplate statements and objections inapplicable
to Plaintiff's letter, provided information and documents
not requested, and without explanation, stated the general
conclusion that the servicing of the account complied with
applicable state and federal law and failed to provide any
specific information addressing the servicing errors
identified in Plaintiff's letter.  (Doc. 28 at 4).
Plaintiff further contends that Nationstar's statement that
the information requested is proprietary, confidential and
outside the scope of information that must be provided is a
mischaracterization of her letter and cannot be based on
any reasonable interpretation of her letter, since her
letter "unambiguously stated her belief that Nationstar had
improperly calculated her payments."  (Doc. 28 at 4).

Plaintiff also contends that the response she received
from Nationstar is boilerplate and indicates a pattern or
practice of its failure "to address the specific issues
addressed in the borrower's letter and [thus] violate[s]
RESPA Section 2605(e).  (*Id.* at 4-5).  Plaintiff states
that such form letters and responses have been issued by
Nationstar to other borrowers in Birmingham, Alabama and
Lexington, Maryland creating a pattern and practice of
nonresponsive action when replying to a QWR.  (*Id.*).  In
support of her pattern and practice contention, Plaintiff

submits the subject response from Nationstar, as well as a
response from Nationstar to an Aaron James of Theodore,
Alabama.[3] (Doc. 28-1).  Just as in the subject response,
Nationstar provided James with a set of documents relating
to his loan and was given an explanation as to what each
set of documents would address, as well as the current
owner of the note, how the owner may be reached, and
contact information for a customer relations specialist
with Nationstar.  (*Id.*).

Nationstar's Motion to Dismiss and Reply, (Docs. 25,
31), contends generally that Plaintiff fails to state a
claim under RESPA because she has not alleged actual
damages that have a causal connection to any purported
RESPA violation by Nationstar, and she failed to
sufficiently plead a pattern or practice of RESPA
violations entitling Plaintiff to statutory damages.  (Doc.
25 at 1).

In support, Nationstar contends that Plaintiff's
Complaint is lacking two essential elements of her RESPA
claim- facts demonstrating actual damages and a causal link
between Nationstar's response to her actual damages.
Nationstar states it was required to do one of three

_____

[3]   Counsel for Plaintiff also represents Mr. James in
his suit against Nationstar 14-cv-545-WS-N.  (Doc. 28 at
5).

actions once it received Plaintiff's QWR: (1) make appropriate corrections to the borrower's account, (2) explain why it believes the account is correct, or (3) provide requested information or explain why it is not available.  12 U.S.C. § 2605(e).  Nationstar submits that it complied with its RESPA duties by investigating Plaintiff's account, determining that the account was in compliance with state and federal regulations, stated why certain information requested was not available, and provided other documentation of Plaintiff's account which would answer the questions raised in her QWR.  (Docs. 25, 26, 31).  Nationstar also contends that even if a RESPA violation occurred, Plaintiff has failed to allege actual damages flowing from the violation since the loan had been refinanced and was no longer being serviced by Nationstar. (*Id.*).  In her Response, Plaintiff counters this with the notion that a violation exists because Nationstar's response was inadequate and that actual damages were incurred each time she was purportedly overcharged by Nationstar before submitting the QWR, and that actual damages were also incurred simply by preparing the QWR, and that Nationstar has engaged in a pattern or practice of submitting such inadequate responses to Plaintiff and to others.  (Doc. 28 at 6).

II.   DISCUSSION

a.   Motion to Dismiss Standard

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).  Factual allegations, on the assumption that all allegations in the complaint are true, must be enough to raise a right to relief above the speculative level and state a claim for relief that is plausible on its face.  *Id.* at 555, 570. The Court accepts all facts as true and limits its consideration to the pleadings and exhibits attached thereto.  *Abraham v. Greater Birmingham Humane Soc'y, Inc.,* No. 2:11-CV-4358-SLB, 2014 WL 1043230, *1 (N.D.Ala. Mar. 17, 2014)(*citing Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000)(citation omitted). Without converting it to a motion for summary judgment, the

11

Court may consider facts outside the pleadings in resolving a motion to dismiss where the parties were given sufficient opportunity to develop the record and the authenticity of the documents considered is undisputed. *Rogers v. Shinseki,* No. CV 112-194, 2014 WL 1093147, at *4 (S.D.Ga. Mar. 18, 2014)(citing *Tillery v. U.S. Dep't of Homeland Sec.,* 402 F. App'x 421, 424 (11th Cir. 2010)(citation omitted). All reasonable inferences are drawn in favor of the plaintiff; however, unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal. *Abraham,* 2014 WL 1043230 at *1 (*citing Dalrymple v. Reno,* 334 F.3d 991, 996 (11th Cir. 2003)(citation omitted).

Initially, the Court would like to acknowledge that both sets of briefs and arguments were well-written and compelling in each direction the case could have been decided. The case law submitted was thoroughly analyzed and relevant to the Court's decision. While the Court sorely sympathizes with Plaintiff and her plight, it is required to apply the law as it fits the facts, and, therefore, concludes that Plaintiff has failed to state a valid claim under RESPA and the Amended Complaint must be dismissed.

b. RESPA Claim

1. Violation

The Court will begin its analysis with whether
Plaintiff can adequately allege a RESPA violation, as
actual and/or statutory damages cannot exist if no
violation has occurred.  Plaintiff contends that
Nationstar's response to her QWR was deficient under
Section 2605(e) of RESPA because Nationstar "fail[ed] to
conduct any reasonable investigation of the errors
described in Plaintiff's [QWR] and fail[ed] to refund
monies wrongfully collected."  (Doc. 24 at 9).  Nationstar
contends it satisfied all RESPA requirements with its
response.  The Court agrees.

Section 2605(e), which Plaintiff alleges Nationstar
violated, states in pertinent part:

> (2) Action with respect to inquiry
> Not later than 30 days (excluding legal
> public holidays, Saturdays, and Sundays)
> after the receipt from any borrower of any
> qualified written request under paragraph
> (1) and, if applicable, before taking any
> action with respect to the inquiry of the
> borrower, the servicer shall--
>> (A) make appropriate corrections in the
>> account of the borrower, including the
>> crediting of any late charges or
>> penalties, and transmit to the borrower
>> a written notification of such
>> correction (which shall include the
>> name and telephone number of a
>> representative of the servicer who can
>> provide assistance to the borrower);
>> (B) after conducting an investigation,
>> provide the borrower with a written
>> explanation or clarification that
>> includes--

> > > (i) to the extent applicable, a
> > > statement of the reasons for which
> > > the servicer believes the account
> > > of the borrower is correct as
> > > determined by the servicer; and
> > > (ii) the name and telephone number
> > > of an individual employed by, or
> > > the office or department of, the
> > > servicer who can provide
> > > assistance to the borrower; or
> > (C) after conducting an investigation,
> > provide the borrower with a written
> > explanation or clarification that
> > includes--
> > > (i) information requested by the
> > > borrower or an explanation of why
> > > the information requested is
> > > unavailable or cannot be obtained
> > > by the servicer; and
> > > (ii) the name and telephone number
> > > of an individual employed by, or
> > > the office or department of, the
> > > servicer who can provide
> > > assistance to the borrower.

12 U.S.C. § 2605(e)(2).

In responding to Plaintiff's QWR, the Court finds that Nationstar was not required to comply with all three of the statute's provided responses, but may comply with just one option to satisfy its RESPA duties. Under RESPA, Nationstar is not required to give a response that is desired by or satisfies Plaintiff, but is merely required to "provide a statement of its reasons," which Nationstar did. *Whitaker v. Wells Fargo Bank, N.A.,* 2014 WL 5426497, at *8 (M.D.Fla. Oct. 23, 2014); *Bates v. JPMorgan Chase Bank, N.A.,* 768 F.3d 1126, 1133 (11th Cir. 2014)(finding that servicer's response to QWR was sufficient under §

2605(e)(2)(B) where servicer provided reasons that the servicer believed the account was correct, regardless of whether borrower "was confused and/or unsatisfied with this answer"); *McWeay v. Citibank, N.A.,* 521 Fed. Appx. 784, (11th Cir. 2013)(no RESPA violation occurred by servicer for not responding to mortgagor's QWR since mortgagor did not request information relating to the servicing of the loan); *Chipka v. Bank of Am.,* 355 Fed. Appx 380, (11th Cir. 2009)(no RESPA violation where servicer provided explanation of why account was correctly serviced and transmitted to mortgagor the name and telephone number of an employee able to provide further assistance).[4]

Plaintiff contends that Nationstar fulfilled none of its RESPA duties in responding to her QWR.  Based on its response to her QWR, she concludes that Nationstar did not conduct an adequate investigation, it did not correct

---

[4]    *Compare Stroman v. Bank of Am. Corp.,* 852 F.Supp.2d 1366, (N.D.Ga. 2012)(mortgagor stated viable RESPA claim alleging that loan servicer failed to timely and properly acknowledge and respond to her QWR, failed to take corrective action identified in the QWR, failed to provide information requested in the QWR, failed to cease collection efforts after receiving QWR, and provided erroneous information to credit bureaus related to alleged overdue payments disputed in the QWR, which damaged her credit score and reduced access to credit.  Plaintiff also submitted seventeen QWR's to servicer, all of which went unanswered or received an inadequate response and which sufficiently established a pattern or practice of such violations).

errors and it did not provide any meaningful explanation of why no correction was needed.  Nationstar's response to Plaintiff's QWR expressly explains that "related documents [to the loan] were reviewed" and that "after conducting an investigation, Nationstar is unable to locate the information you requested . . . . However we did review the account, and all transactions appear to be correct from our records."  (Doc. 28-1 at 3).

Although Plaintiff did not like the explanation she received from Nationstar, Nationstar did state why it believed the action taken or not taken regarding her account was correct.  (Doc. 28-1).  Such an explanation satisfies RESPA.  The statute does not require the servicer provide a resolution or explanation desired by the borrower; it requires the servicer to provide a statement of its reasons.  *See Whitaker* at *8.  Plaintiff's arguments unfortunately go to whether Nationstar's action were the appropriate actions under the terms of the mortgage (breach of mortgage or note), rather than addressing whether Nationstar's letter explaining why it took those actions complied with RESPA.  Though Plaintiff alleges throughout the pleadings and Motion that Nationstar's response was inadequate, she does not present binding precedent that Nationstar must do more than it did in responding to a QWR.

Because the Court finds Nationstar's response sufficient to comply with its RESPA duties, Plaintiff's RESPA claim should be dismissed.

### 2.   Actual Damages

Though actual damages cannot exist where a RESPA violation did not occur, the Court will address the issue in the alternative.  To state a claim under RESPA, a plaintiff must allege facts showing she suffered actual damages which are causally linked to the RESPA violation. *Frazile v. EMC Mortg. Corp.,* 382 Fed. Appx 833, 836 (11th Cir. 2010); *Tallent v. BAC Home Loans,* 2013 WL 2249107 (N.D.Ala. May 21, 2013)(dismissing for failure to allege causal link between violation and actual damages); *Jackson v. Ocwen Loan Servicing, LLC*, 2012 WL 882493 (S.D.Fla. Mar. 14, 2012)(dismissing RESPA claim with only conclusory statement that "detriment and financial injury" were suffered); *Jenkins v. BAC Home Loan Servicing, LP,* 822 F.Supp.2d 1369, 1377 (M.D.Ga. 2011)(dismissing claim under § 2605(e) where no causal link plead between violation and damages).

Plaintiff contends that "she incurred expenses in sending the QWR/NOE which, because of Nationstar's inaction, has been for naught.  This also constitutes damage suffered as a result of Nationstar's failure to

comply with its Section 2605(e) duties."  (Doc. 28 at 6).
The Court disagrees.  The Court finds that the source of
Plaintiff's damages- the monthly overcharging of monies due
on her note- occurred before the QWR was submitted and
before Nationstar responded to it.  Plaintiff has not
alleged that she was financially harmed after Nationstar
responded to her QWR, or that her credit rating or access
to credit was damaged as a result of the alleged deficient
QWR response from Nationstar.  *See* n. 3, *supra, Stroman v.
Bank of Am. Corp.,* 852 F.Supp. 2d 1366 (damaged credit
score and lower access to credit occurred due to servicer's
RESPA-violative response to borrower's seventeen QWR's).

While the Court acknowledges that Plaintiff has actual
damages from some sort of discrepancy occurring during
Nationstar's servicing of her loan, i.e., collection of
escrow payments never due, payment of more interest than
originally bargained for, and a larger payoff upon
refinancing, the Court finds that those damages do not stem
from the alleged RESPA violation.  Those damages sound in
breach of contract, mortgage or note, and not in a RESPA
violation.

This Court has concluded on prior occasions that where
no damages could reasonably flow from a RESPA violation,
the RESPA claim must be dismissed as lacking an essential

element to state such a claim. *Selman v. CitiMortgage, Inc.,* 2013 WL 838193 (S.D.Ala. June 19, 2013). In *Selman*, Chief Judge William Steele addressed a similar situation as Plaintiff's and stated, "[t]he [complaint] does not connect any of these broad allegations (several of which predate the QWRs) to the alleged § 2605(e) violation, or in any way identify or suggest a direct relationship between the two. These allegations are insufficient to state a claim under RESPA. After all, § 2605(f)(1) authorizes only 'actual damages to the borrower as a result of the failure' to respond to the QWR; therefore the borrower's actual damages must flow directly from the servicer's [violative] response in order to be cognizable." *Id.* at *9. Plaintiff has alleged no actual damages that are directly related to or flow directly from the alleged inadequate response by Nationstar to the QWR. Accordingly, even if Nationstar did violate RESPA with a deficient response, Plaintiff has failed to sufficiently allege actual damages flowing from the violative response, and thus does not make a showing sufficient to state a plausible claim for relief under § 2605(e).

Furthermore, the Court agrees with Nationstar's argument that if actual damages can be established merely on the costs of sending a QWR alone, then, that

19

interpretation would render the actual damages section of RESPA meaningless.  While it makes sense that where a RESPA violation exists, and damages flow from that violation, the cost of sending the QWR could be included in an award of damages; however, to allow actual damages to be established solely based on the costs of sending a QWR completely abrogates the purpose of that section.

       3.  Pattern or Practice and Statutory Damages

Plaintiff's allegation that Nationstar has engaged in a pattern or practice of responding to QWRs with boilerplate language which has no relevance to a borrower's inquiry is also unfounded.  Section 2605 allows recovery of statutory damages for "any additional damages, as the court may allow, in the case of a pattern or practice . . . ." § 2605(f)(1)(B).  Because Plaintiff has failed to establish that a RESPA violation exists, or that actual damages exist flowing from the alleged violation, it follows that without actual damages, statutory damages cannot be recovered.  *See Selman,* at *8.

Furthermore, this Court has held that submitting one additional allegedly deficient QWR-response is insufficient to establish a pattern or practice warranting statutory damages.  *Selman,* 2013 WL 838193, at *10 (while "there is no magic number of violations that create a pattern or

practice of noncompliance, courts have held that two violations of RESPA are insufficient to support a claim for statutory damages).

### III. Conclusion

For all of the foregoing reasons, the Court sympathizes with Plaintiff and her situation of multiple overcharges, but agrees with Nationstar that Plaintiff's claimed RESPA violations to state a calim and are due to be dismissed.  It is therefore recommended that Defendant Nationstar's Motion to Dismiss be granted and Plaintiff's Amended Complaint be dismissed without prejudice.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the

disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 14th day of January, 2015.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE